JONES *vs.* WHITEHEAD *et al.*

That W. was the devisee of the property of H. under her will, H. being herself a devisee of the property of J. and W. R. H., who in turn were the devisees under the will of J. W. J., did not make W. beneficially interested under the will of J. W. J. so as to be entitled to the administration of his estate as against his next of kin. The grant of letters of administration would be determined as in case of intestacy.

Administrators and executors. Wills. Legacies. Before Judge SNEAD. Burke Superior Court. May Term, 1880.

To the report contained in the decision it is only necessary to add the following: This was a contest between Jones and Mrs. Whitehead, her husband joining with her, over the grant of administration upon the estate of J. W. Jones, deceased. On the facts stated in the decision, the

ordinary found that Jones was entitled to administer. On appeal the jury found that Mrs. Whitehead was beneficially interested under the will of James W. Jones and entitled to administer. Jones moved for a new trial, which was refused, and he excepted.

J. J. JONES; H. D. TWIGGS; A. M. RODGERS, for plaintiff in error.

W. W. MONTGOMERY; J. S. HOOK; H. E. W. PALMER. for defendants.

CRAWFORD, Justice.

James W. Jones died in 1858. leaving his estate to his wife, Elizabeth A. Jones, and William R. Holmes, whom he also appointed his executors. In 1862 William R. Holmes died testate, bequeathing his estate to Elizabeth A. Jones and Jane B. Holmes, and naming Elizabeth A. Jones his executrix. In 1863 Elizabeth A. Jones died testate, giving her estate to Jane B. Holmes, and appointed her with one W. L. Kilpatrick, executors. These executors took no charge of the estate of James W. Jones, but virtually renounced the same.

In 1864 the said Jane B., by virtue of such renunciation and in no wise claiming to be executrix of James W. Jones, took out letters of administration *de bonis non* with the will annexed upon his estate, and acted as such until her death in 1877. She likewise died testate, devising her property to Tallulah G. Whitehead and naming her as her executrix.

The estate of James W. Jones being thus without any one to represent it, an application was made by John J. Jones to be appointed administrator *de bonis non*, which was resisted by the said Tallulah G. Whitehead, who selected her husband to take the administration. The former claims because he is the next of kin and the principal creditor; the latter upon the ground of beneficial interest.

In settling the question of administration upon the estate of a party who died testate, it is only necessary to ascertain who is "the person most beneficially interested under the will," for such is the person to whom the law gives the preference.

The will of the testator Jones fixes the beneficial interest in his estate upon Elizabeth A. Jones and William R. Holmes; whilst Tallulah G. Whitehead is wholly unknown and unprovided for therein. Indeed she claims to be entitled under the will of Jane B. Holmes, who herself claims under the will of Elizebeth A. Jones, who in turn again claims under the the wills of William R. Holmes and James W. Jones. How it can be claimed, therefore, that Tallulah G. Whitehead takes any beneficial interest *under the will* of the first testator we do not see. · If the question of administration upon the estate of Jane B. Holmes should arise, then the rule of law invoked by the caveatrix would apply, but not in the case here made. Not being a beneficiary *under the will* of Jones, she can claim no right of administration thereunder, and if she be entitled to any thing from his estate, it is as a purchaser only, and therefore her right stands governed by the law provided for such cases. . There being no person *in esse beneficially interested under the will*, letters of administration are to be granted as in cases of intestacy.

Judgment reversed.