## Long *et al. vs.* Huggins *et al.*

1. In the grant of letters of administration, the surviving husband or wife is first entitled to letters; then the next of kin at the time of the death, according to the law of relationship and distribution, are next entitled; but if the party dies testate, the person most beneficially interested under the will shall have the preference; and, as a general rule, to cover all cases not especially provided for, the person having the right to the estate ought to have the right of the administration.

( *a.* ) In case of a married woman who is next of kin, or where her letters abate by her marriage, the husband is entitled to the administration, according to the discretion of the ordinary, as between him and other persons entitled thereto under any of the prescribed rules.

(*b.*) 66 *Ga.*, 290, considered and distinguished from present case.

2. Where one as a creditor of a decedent applied for letters of administration, and upon a *caveat* being filed, the administration was claimed by the husband of the sole legatee under the will of one who had been the sole legatee of the testator, and this case was carried to the superior court by appeal, there was no error in refusing to allow persons claiming to be the next of kin of the testator, concerning the administration on whose estate the contest was had, to be made parties, all of them being non-residents of the state.

3. In order for a selection by a majority of the next of kin of a decedent of a person to administer on his estate to be admissible, they must signify their choice in writing. A selection by attorneys at

law, claiming to represent them, was not sufficient without special authority in writing for that purpose.

4. There was no error in refusing a continuance in order to enable the applicant to procure written evidence of the choice of the next of kin. The fact that he did not expect that this would be held necessary was not such a surprise as would authorize a continuance.

5. If there were errors in the charge complained of, they were not such as materially affected the result and as would require a new trial

(*a.*) This contest for administration should not be protracted so as to consume the estate.

February 19, 1884.

Administrators and Executors. Husband and Wife. Wills. Attorney and Client. New Trial. Before Judge HUTCHINS. Hall Superior Court. August Term, 1883.

Reported in the decision.

W. L. MARLER; G. H. PRIOR; GEORGE K. LOOPER; CLAUD ESTES; H H. PERRY, for plaintiffs in error.

S. P. THURMOND; S. C. DUNLAP, for defendants.

HALL, Justice.

Riley Garrett, of Randolph county, in this state, on the 18th day of January, 1844, executed his last will and testament, whereby he appointed Isham Wheelus his executor, and gave all his worldly estate to William Augustus Wheelus. The testator died in Hall county in the year 1880. The executor named in his will died before him, but William A. Wheelus, the legatee therein mentioned, survived him. William A. Wheelus died shortly after the testator, and by his will bequeathed his entire estate to his wife, Susan A. Wheelus, who has since married Hugh H. Huggins. The testator was illegitimate, and never having married left no descendants. His nearest of kin capable of inheriting his estate were certain first cousins *ex parte materna*. When he died, he was in debt to Henry J. Long $25.00, and Long took letters of administration *ad colli-*

*gendum* upon his estate, and advertised for permanent letters. This latter application was caveated upon the ground that there was no intestacy. The will was pre sented for probate, and after a protracted contest, was finally established. At the testator's death, he was possessed of a large estate, consisting of personal property, worth between $15,000 and $16,000, and real estate, situated in Hall and Gwinnett counties, then worth between $5,000 and $7,000, which was acquired subsequently to the execution of his will. This latter was claimed by his heirs at law, who joined with Long in this contest for the administration. Susan Huggins claimed the entire estate, both personalty and realty, and on this ground selected her husband to administer, who made application for letters of administration with the will annexed. Both Long's application for letters of administration, and Huggins's for letters, with the will annexed, were carried by appeal to the superior court. The former was tried, and after much conflicting testimony, the issue, under the rulings and charges of the presiding judge, was found in favor of Huggins, and administration, with the will annexed, being awarded to him by the judgment of the court, thereupon Long moved the court to set aside this judgment, and grant him a new trial, not only upon the customary and usual grounds found in such motions, but upon others, excepting to various rulings and charges of the court, which motion, after being considered, was overruled, and the new trial refused, to which Long excepted and brought the case here by writ of error. The following are the grounds of the motion material to be considered:

(4.) Because, on the hearing of said case, and both before and after the interrogatories of S. P. Hulgin, and G. W. Webb, and Sarah Garrett, and T. B. Brown, W. G. Brown and Elizabeth Clark were read, a paper, of which the following is a copy, and which had been filed with the pleadings in said cause in office, in open court, was pre-

sented to the court by the attorneys whose names appear thereto :

"And now in the within case comes Wesley Garrett, H. W. B. Garrett, Thomas B. Garrett, J. A. Garrett, Malinda Buster, Minerva A. Hulgin, M. B. Garrett, Thomas B. Brown, William G. Brown, Elizabeth Clark, Thomas J. Garrett, Matilda C. Phillips, Sylvia A. Rook, and say they are next and nearest of kin of said Riley Garrett, deceased, and they and each of them select Dr. H. J. Long, of Gainesville, Hall county, Ga., as a fit and suitable person to take the administration, with the will annexed, of said deceased, and they pray that he be appointed such administrator, and pray to be made parties to this case.                                      GEO. K. LOOPER,
                                                CLAUD ESTES,
                                                W. L. MARLER,
                                                H. H. PERRY,
                                                G. H. PRIOR,

Attorneys for next of kin of Riley Garrett, deceased, and the above named parties."

The original of the above was attached to the pleadings in the case on trial and marked, " Filed in office, August 23, 1883. Wm. B. Smith, Clerk," said paper being filed when the trial of said case had just begun, but before any evidence was introduced. Said attorneys then and there, in open court, made application to the court to pass the following order appended to the above paper: " Upon motion of counsel for the above stated parties, it is ordered that they be made parties to said case," which motion or application was made both before the introduction of evidence, and after the interrogatories of S. P. Hulgin, G. W. Webb and Sarah Garrett, T. B. Brown, W. G. Brown and Elizabeth Clark were read and put in evidence; but the court refused to pass or grant said order. And the movants in this motion say that the refusal of the court to pass said order was error, and make this a ground of this motion for a new trial.

(5.) Because, on the trial of said case, after the interrogatories of S. P. Hulgin, G. W. Webb and Sarah Garrett, T. B. Brown, W. G. Brown and Elizabeth Clark were read, counsel for applicant offered in evidence, and proposed to

read to the jury, the original of the paper set out in the fourth ground above; which paper had been marked filed in office before being offered in evidence.

Which paper, counsel stated, was offered to show that the parties therein named had selected H. J. Long to be appointed administrator. This paper was ruled out, and not allowed to be read in evidence.

Counsel for applicant then offered in evidence the original, of which the following is a copy:

"*In re* application of Henry J. Long for permanent letters of administration upon the estate of Riley Garrett.

We, the undersigned, the first cousins and next of kin at the time of his death, according to the laws of the state of Georgia, declaring relationship and distribution of Riley Garrett, deceased, who died in Gainesville, Ga., in the year 1880, do hereby agree upon and select Henry J. Long, of Gainesville, Hall county, Ga., to act as administrator, and to be appointed permanent administrator upon the estate of said Riley Garrett, deceased, the said Henry J. Long to give the bond and take the oath required by law.        H. W. B. GARRETT,

THOS. B. GARRETT,

J. A. GARRETT,

MALINDA BUSTER,

MINERVA A. HULGIN,

M. B. GARRETT,

By GEO. K. LOOPER, their attorney at law.

THOS. B. BROWN,

WM. G. BROWN,

ELIZABETH CLARK,

By their attorney at law, G. H. PRIOR.

THOS. J. GARRETT,

MATILDA C. PHILLIPS,

SYLVIA A. ROOK,

By their attorney at law, G. H. PRIOR."

This paper was objected to and ruled out as to signatures of H. W. B. Garrett, Thos. B. Garrett, J. A. Garrett, Thos. J. Garrett, M. C. Phillips, Sylvia A. Rook, Malinda Buster, Minerva A. Hulgin and M. B. Garrett.

The execution of both the above papers was not disputed, and the attorneys who signed said papers were in

open court and testified to their signatures to the same, but the court excluded the papers, on the ground that the selection of a person to be administrator by those interested in the estate must be in writing, and must be signed by the heirs or next of kin themselves, or by some one specially authorized to sign for them, and that this authority must be in writing.

The court then heard the following testimony, which was offered by the movant on the *voire dire,* as to the authority of counsel to sign for the parties for whom they appeared and was before the court alone.

George K. Looper, Esq., being sworn, stated that he had been employed by H. W. B. Garrett, Thomas B. Garrett, J. A. Garrett, Malinda Buster, Minerva A. Hulgin, and W. B. Garrett · that he appeared as their attorney ; that he had signed the papers, offered in evidence as their attorney at law ; that, while they had not specially authorized him to sign said papers, they had authorized and employed him to take all steps which he thought proper to secure and collect their shares or interests in the estate of Riley Garrett ; to appear for them in all courts ; that their interests had been left in the entire control of himself and Estes & Son, with full power and discretion to act for the parties he had named in all matters affecting their interests or rights in the Garrett estate ; that two or three of the said parties, three of the Garretts, had been to Gainesville to see him ; that they had talked with him about the administration upon the estate, and had told him that they preferred that Dr. Long should administer upon the estate of Mr. Garrett in preference to the Wheeluses ; that they had seen him and talked with him, and ascertained his position here, and were perfectly satisfied that he should have charge of the estate as administrator.

Claud Estes, Esq., testified that, together with Mr. Looper, he and his father, John B. Estes, under the firm name of J. B. Estes & Son, had been employed to represent the same heirs and parties mentioned by Mr. Looper ; that

they, John B. Estes & Son, were also separately employed by another heir, Wesley Garrett; that he had signed the first paper above set forth as attorney for all these parties, including Wesley Garrett; that the employment by Wesley was in writing, but was among his father's papers, who was absent holding court in Walton county, and was not accessible to him; that with regard to all they represented, they had been employed to appear for them in all courts, in any and all proceedings affecting their right, or interests in the estate of Riley Garrett, deceased, and to take all steps and any steps which they deemed right and proper to protect and secure their interests in said estate; and that he certainly construed that authority to empower him to appear for them in this proceeding, and join for them in the selection of an administrator, as their entire rights and interests had been left in the full control of said attorneys.

H. H. Perry testified that he represented, together with Mr. Prior, Thomas J. Garrett, Matilda C. Phillips, and Sylvia A. Rook, and that the paper admitted in evidence and signed by them had been sent to him by them in due course of mail.

G. H. Prior, Esq., testified that he had received a letter from Thomas B. Brown, William G. Brown, and Elizabeth Clark, specially instructing him to sign their names to the selection of Henry J. Long to be administrator, but the letter he was not able at that moment to find.

After hearing the foregoing statements, the second paper above set forth in this ground of motion was then admitted as to the signatures of Thomas B. Brown, William G. Brown, and Elizabeth Clark, but the first paper set forth in this ground of the motion was entirely excluded by the court, and the second paper was expressly excluded as to all the signatures, except those of Thomas B. Brown, William G. Brown, and Elizabeth Clark; and the jury were so instructed; and movants say said ruling excluding said papers was error.

(6.) Because, upon the ruling of the court in the preceding ground of this motion set forth, counsel for the parties claiming to be next of kin proposed to make a selection of Dr. H. J. Long to be administrator before the jury *ore tenus*, and to state to the jury that they selected Dr. Long to be administrator as counsel for the parties they represent, to-wit: H. W. B. Garrett, Thomas B. Garrett, J. A. Garrett, Malinda Buster, Minerva A. Hulgin, M. B. Garrett and Wesley Garrett, and offered to prove by Geo. K. Looper, Esq., and Claud Estes, Esq., that, as attorneys for said H. W. B. Garrett, Thomas B. Garrett, J. A. Garrett, Malinda Buster, Minerva A. Hulgin, M. B. Garrett and Wesley Garrett, and in their names, they selected and then and there selected H. J. Long to be administrator, with the will annexed, upon the estate of Riley Garrett; but the court refused to allow said counsel to make any selection *ore tenus* of a person to be administrator, and excluded the oral evidence offered as above of Claud Estes and Geo. K. Looper, that, as counsel for the above named parties, they then and there selected Dr. H. J. Long to be administrator upon the estate of Riley Garrett, deceased, with the will annexed; but said court then and there ruled that no selection could be made or admitted unless it was in writing, which rulings, refusing to allow a selection *ore tenus*, and to admit the oral evidence of Claud Estes and Geo. K. Looper, Esqrs., as above set forth, movants say were errors, and make the same a ground of this motion.

(7.) Because, upon the ruling of the court as set forth in the preceding grounds of this motion, to-wit: the 5th and 6th grounds, counsel for the movants, to-wit: H. W. B. Garrett *et al.* stated in their place that said ruling requiring a written selection or authority by the persons interested in the estate was unexpected to them, and that their clients were non-residents of the state and not present, and moved that the case be continued, in order that they could procure the said selection or authority in writ-

ing; which motion was overruled; and movants say this was error.

(8.) Because the court erred in charging the jury "that H. J. Long, the movant and one of the applicants, bases his claim to the administration upon the fact, as he alleges among other things, that certain persons named in the petition, who he says are a majority of the next of kin of deceased, and of the distributees of the estate, had selected him to be administrator upon the estate," and failed to state to the jury that Long also based his claim upon the fact that he was a creditor of the estate; and in no place in his charge gave in charge to the jury the principle of law, "that when no application is made by the next of kin, a creditor may be appointed," although in this case none of the applicants for administration were next of kin to the deceased.

(9.) Because the court erred in charging the jury, "that the burden of proof is upon Dr. H. J. Long to show that a majority of the next of kin and those entitled to be distributees of the estate had selected him to be administrator, before he would have any claim to the administration by reason of such selection."

[NOTE.—"The court also charged that if the applicant, Long, had by evidence brought himself under this rule, he would be entitled to the administration, unless defeated by another rule to be afterwards stated.                N. L. HUTCHINS, Judge.

See note appended to ground No. 14.—N. L. H."]

(10.) Because the court erred in charging the jury, "that the selection of a person to be administrator by the next of kin, and those interested as distributees in the estate, or entitled to the estate, before it could be considered, must be a selection in writing, signed by the persons selected, or by their agents or attorneys, duly authorized in writing. You should examine the papers in evidence, and consider them in the light of the testimony, to ascertain whether or not the selection has been made by the requisite majority of persons authorized to make it."

(11.) Because the court erred in charging, " that they must be satisfied from the testimony that the next of kin, who have made such selection in writing, if you find such selection has been made as stated, were, at the time of making it, capable of expressing a choice, that is, they were neither minors nor insane people, incapable of acting for themselves," but omitted to charge or state that the presumption was that a person is sane, unless the contrary appears.

(12.) Because the court erred in charging the jury, " that when a person dies intestate, the person most beneficially interested under the will is entitled to the administration; then the question in this case is, who is most beneficially interested under the will of Riley Garrett?"

[NOTE.—"The court added: 'It is contended by counsel for Dr. Long, the applicant, 1st, that nothing passed under Garrett's will but the personal property owned by him at the same time he executed it in 1844, and 2d, that land acquired afterwards did not pass under it,' and sustained this position as regards the land, but ruled that all the personal property owned by testator at the time of his death passed under his will.

N. L. HUTCHINS, Judge."]

(13.) Because the court erred in charging the jury, on the question of who is most interested under the will of Riley Garrett: " I charge you that all of the personal property that Riley Garrett owned at the time of his death passed under his will to William Augustus Wheelus, and his estate is entitled to it, after the debts and expenses of administration are paid," etc.

(14.) Because the court erred in charging the jury that, " if you find the personal estate of Riley Garrett to be larger than the real estate, then inasmuch as it passed under the will to William Augustus Wheelus, and inasmuch as Mrs. H. H. Huggins is the sole legatee under the will of William Augustus Wheelus, Mrs. Huggins would be entitled to the greater portion of the estate of Riley Garrett, and would be entitled to select a proper person to be administrator upon the estate of Riley Garrett; and it

would be the duty of the court to appoint him, if a proper person."

[NOTE.—In connection with the extracts in the three last preceding grounds, and explanatory of them, the court also charged, "the person having the right to the estate ought to have the administration, and may select a person as administrator; and if such person is otherwise qualified, he should be appointed. In order to ascertain who is most interested in this estate, you may examine the inventory in evidence, and find which passes under the will, that is, what is the value of the personal property; and what does not so pass, that is, what is the value of the land, as testified to. If you find that the personal property exceeds the land in value, inasmuch as it passed under the will to Dr. Wheelus, his estate or his legatee, Mrs. Huggins, is entitled to it, and she, as sole legatee standing in his place, would be entitled to the greater portion of Mr. Garrett's estate, and entitled to select a proper and qualified person to administer. But if the value of the land acquired since the making of the will is greater than that of the personalty, inasmuch as it is subject to distribution among the heirs at law of Mr. Garrett, if a majority of the next of kin have selected the applicant, Dr. Long, in writing, to be the administrator, the jury should find the issue for him; for if the land exceeded the personalty in value, the heirs at law would be entitled to the greater portion of the estate, and have the right to the administration. N. L. HUTCHINS, J. S. C."]

"AT CHAMBERS, ATHENS, GA.,
November 22, 1883.

Upon motion of counsel for movants in the above stated case, made at the hearing of the said motion, it is ordered that the foregoing amendment be allowed, and the court certifies that the statement of facts in the foregoing grounds added by amendment are true, as explained in "notes" made by me, and which are referred to as part of said motion. In relation to the papers offered as set forth in the 4th and 5th grounds, there can be no significance in the filing in office, signed by the clerk, as it was done without authority of the court, and was no part of the record. As to the omissions to charge, complained of in grounds 8 and 11, attention was not called to them at the time.

N. L. HUTCHINS, J. S. C., W. C."

1. In *Leverett vs. Dismukes*, 10 *Ga. R.*, 98, most of the questions in controversy in the present case came before this court, and were then determined contrary to the views now insisted upon by the plaintiff in error. Lumpkin, J., after showing that by our statute the same rules obtained

in regard to the granting of letters of administration as
those that regulate the distribution of intestate's estates,
declared it a rule of the English law, no less than our own,
that administration followed the right of distribution.
Toll., 116. "And the reason given why the person
having the title to the estate ought to have the admin-
istration is, because he is most interested, and will take
the best care of it." 2 Eq Ca. Ab. 423, pl. 5; *Ibid*, 425,.
pl., 15. "So far, indeed," he continues, "is the doctrine·
carried, which gives the administration to the person enti-·
tled to the property, that though the statute directs the·
husband or wife to be preferred, yet, their claim will yield
if the estate goes to other persons; as when by settlement,.
upon the death of the *feme*, her property is to pass to her·
representatives, to the exclusion of her husband, her rela-
tives shall have the administration in preference to the·
husband or his representatives. Toll., 85, 116. Bay *vs.*.
Dudgeon, 6 Munf., 132."

In that case, as it is claimed here, the contest was:
between the next of kin and the party having the·
largest interest in the estate; there likewise it hap-
pened, as here, that the party having this interest was a.
married woman, who made choice of her husband to ad-
minister in her stead, and there, as here, this choice was:
affirmed, and the administration was granted in accordance·
with her selection. "If a son dies intestate, and without.
brothers or sisters," says this eminent jurist, "the father.·
is entitled to the whole estate, and to administration; and`
if the father die before administration is granted, admin-·
istration shall be granted to his representative, for the·
estate was an interest vested; and the court regards the·
property in granting administration. 11 Viner, pl., 25;,
Cutchin *vs.* Wilkinson, 1 Call's R.. 1. This case was deci-
ded in the court of appeals in Virginia, in 1797, and re-
sembles in principle the case before the court. For by the·
act of 1827 (New Dig., 294), as well as by 29 Charles II,.
ch. 3, (*Id.* 1129), the husband is entitled by administra-·

tion to recover all the estate of his wife, real and personal, as well as her rights and credits, and enjoy the same, without being subject to distribution. Whether he survive her or not, therefore, he is entitled to the administration, because he is to the property; and it never could be said of him that he was administrator contrary to the meaning of the act, which declares that the person entitled to the estate is entitled to the administration." . . . "It is laid down in Viner 84, (Tit. Executors) No. 7, on one authority, that when the wife is next of kin to the intestate, the husband shall not be joined in the administration with her. 12 Viner 84; Aleyn 36. But it is further sail, that when the wife is entitled, and she refuses to take the administration in her own name, the constant practice is to admit the husband. Van Thunen *vs.* Van Thunen, 11 Viner 84, marginal note; Gibb., 203. By the act of 1828, a *feme covert* cannot be an executrix or administratrix during coverture, but her letters, when already granted, shall abate. A *fortiori*, although otherwise entitled, will they be withheld from her on account of the coverture. But in either event, the husband shall be entitled to such letters, upon his complying with the requisitions of the law. New Dig., 327. We hold these inferences to be irresistible: 1st, that by the act of 1828, a married woman cannot be the representative of an estate; and secondly, that whenever she would be otherwise entitled, and is disqualified by reason of the coverture, the husband is next entitled in preference to anybody else."

This decision has been quoted at length, not only because it is well to refer to fundamental principles and to understand how they have been applied by the venerable sages of the law, who have preceded us, and from whom we should draw inspiration and learning to guide and direct us, but because every principle there set forth, and in the acts referred to, has been embodied in our present Code, §2494, and others of a cognate character. What difference can it make, in reason or law, whether the inter-

est to be administered is derived from an intestacy or a will? The surviving husband or wife is first entitled (*Id.* sub-sec. 1), then the next of kin at the time of the death, according to the law declaring relationship and distribution, are next entitled; but if the party died testate, the person most beneficially interested under the will shall have the preference (*Id.* sub-sec. 2); and as a general rule, to cover all cases not specially provided for, the person having the right to the estate ought to have the administration. *Id.* sub-sec. 10. In the case of a married woman who is next of kin, or where her letters abate by the marriage, the husband is entitled to the administration, according to the discretion of the ordinary, as between him and other persons entitled thereto under any of the prescribed rules. *Id.* sub-sec. 9.

It is urged upon us by the able and indefatigable counsel for the plaintiffs in error, with confidence and with such force that we find it difficult to meet and overcome the conclusion to which he would conduct us, that in the latest decision of this court upon the subject, a different interpretation has been placed upon these provisions of law from that which formerly obtained. It is true that, in *Jones vs. Whitehead*, 66 *Ga.*, 290, an opinion is expressed that the party applying for the administration, and who would claim a preference to its grant, should be the legatee under the will of the person upon whose estate the administration is sought, and must not derive that interest mediately through or from the wills of divers persons, who claim under the legatee; and while it is conceded that this rule may be in accordance with the letter of the statute, yet we think that, in a case situated as the one at bar, it would not carry out the policy of the legislature as theretofore maintained and upheld by this court. Besides, that case is, in our opinion, distinguishable from this in its main features, one of the most striking of which is that the contest there was between the next of kin, who was in addition a principal creditor, and the selected husband of

one who had no claim or interest, except through three or four successive wills, beginning with the will of a legatee in the original will, and who was not the sole beneficiary under that original will. Here the contest is between the wife of the legatee, who was made his sole legatee before the property was reduced to possession and before the will under which he took was established. The wife, although incompetent, by reason of her present coverture, to administer, yet has the power, by statute, of selecting her husband.

The parties contesting in this case were incompetent by reason of non-residence, and have no such power of selecting a person to represent them as the wife has to make choice of her husband. The party selected by them, so far from being a principal creditor, was only so to a trifling extent, and was not, in the remotest degree, as we are informed by the record, connected, either by blood or affinity, with the testator, whose estate he sought to administer, and whose will, it would seem, he lent his aid to overthrow and defeat. To prefer him to one who is the only successor of the testator's sole legatee would, as we must conclude, be a direct violation of both the reason and spirit of law, and would undermine and entirely disregard the policy of the general assembly in its enactment.

2. There was no error, under the circumstances of this case, in refusing to allow the next of kin, whom Long claimed to represent, to be made parties with him. They might have caveated Huggins' application for letters of administration with the will annexed, and thereby have become parties, but the trial was not had upon this application, but upon Long's application They were all disqualified, by reason of their being non-residents of the state, from administering, and their only legitimate purpose in becoming applicants would have been to have the administration conferred upon some or all of them, which, as we have shown, would have been inadmissible under the law.

3. Neither was there error in rejecting the choice of Long by such of them as did not signify their choice in writing. The law pointed out this mode of selection. Code, §2494, sub-sec. 3.

4. Nor ought the case to have been continued, to enable the applicant to procure written evidence of this choice. The fact that such an interpretation should be placed upon the law was not expected by him, only showed that he was mistaken in his view of its requirements, and did not amount to such a surprise as would justify the court in continuing the case, to enable him to get the evidence with which he should have provided himself before the trial.

5. If there were errors in the charges complained of, they were not such as materially affected the result, and would justify us in interposing and setting aside this verdict. This contest, which settles nothing but the mere right to administer, has already been unreasonably protracted. The estate should not be consumed by an attempt to control its administration, especially as there appears to be no objection to the fitness of the person upon whom the administration has been conferred to discharge its duties, and none to his responsibility. The next of kin can call him to account, when the proper time arrives, for what they claim to be entitled to, and upon such an issue the rights of all parties can be settled and adjusted.

Judgment affirmed.