26927. CUBINE *v.* CUBINE.

780

DECIDED NOVEMBER 21, 1938.

*S. W. Fariss, McClure & McClure,* for plaintiff in error.
*Rosser & Shaw,* contra.

GUERRY, J. This case involves a contest for letters of administration de bonis non cum testamento annexo of the estate of Mrs. Mary L. Cubine. R. D. Cubine (the defendant in error) made application for letters, and his application was caveated by Mrs. Irby Cubine. The application set forth the death of Mrs. Mary L. Cubine, the qualification of Irby Cubine as executor of the will, and the death of Irby Cubine. It was alleged that the unadministered part of the estate was of the value of $3000, and that the applicant "is next of kin" (child) of Mary L. Cubine, and "beneficiary under the will." The will of Mrs. Mary L. Cubine provided in material parts as follows: "Item 2. I direct that my executor hereinafter named (Irby Cubine) out of my estate pay to my two grandchildren, Alice Marie Cubine and Earl McConnell Cubine, the children of my deceased son, the sum of $1000 each, to be in full of their share of my estate. . . Item 4. Practically my entire estate at the time of making this my last will and testament consists of certain real estate in Walker County, Georgia, which is incumbered by a loan to the Federal Land Bank of Columbia, S. C. My son, Irby Cubine, has met certain payments on said indebtedness, and has also expended money in the improvement of my said lands, and will continue to do so. I am also making my home with my said son Irby Cubine. In view of the foregoing I give, devise, and bequeath all the rest and residue of my estate, after the payment of my said debts and the two bequests hereinabove referred to, to my said son Irby Cubine, and direct that he have same valued and appraised by three disinterested appraisers, and that after allowing himself credit for all money expended by him in payments upon said loan, improvements on said property, or otherwise on my be-

half, that he pay to my son, Ralph D. Cubine, his brother, an amount equal to 1/3 of the sum remaining after deducting said expenditures from said appraised value; and when said sum has been so paid to the said Ralph D. Cubine, the said residue of my estate shall belong to my said son Irby Cubine absolutely and in fee simple."

The caveat and application of Mrs. Irby Cubine alleged, among other things, that because she was the widow of Irby Cubine, and stood in his shoes, she was "more beneficially interested than the applicant." Further, "that while R. D. Cubine is the sole surviving child of the testatrix Mary L. Cubine, that caveatrix represents and stands in the place of Irby Cubine, who was a son of said Mrs. Mary L. Cubine, and that Mrs. Marie Cubine Lackey and Earl Cubine represent and stand in the place of Earl Cubine Sr., who was a son of the testatrix, Mary L. Cubine, and that said Mrs. Marie Cubine Lackey, Earl Cubine Jr., and caveatrix, represent as they do two of the children of her the said Mrs. Mary L. Cubine, have and do express their desire that caveatrix be appointed . . and in the way and manner stated constitute a majority of the next of kin." A general demurrer to the caveat was sustained, and Ralph Cubine was appointed administrator de bonis non. Exceptions were taken to the same ruling on appeal.

In cases of intestacy the Code specifically provides that in the absence of husband or wife, who shall be first entitled, the next of kin at the time of the death, according to the law declaring relationship and distribution, shall be entitled to the administration. On this same subject it is further provided that "If there shall be several of the next of kin equally near in degree, the person selected in writing by a majority of those interested as distributees of the estate, and who are capable of expressing a choice, shall be appointed." In cases of testacy, it is declared that "the person most beneficially interested under the will shall have the preference." As a general provision to apply to both cases of intestacy and testacy, it is provided that "As a general rule, to cover all cases not specially provided for, the person having the right to the estate shall be appointed administrator." Code, § 113-1202. In the present case there is a will; and we must, we believe, deal with that part of the above section which provides that in such case "the person most beneficially interested under the will shall have the preference."

See *Jones* v. *Whilehead*, 66 *Ga.* 290; *Horskins* v. *Morel, T. U. P. C.*, 69. But compare *Megahee* v. *Megahee*, 143 *Ga.* 738 (85 S. E. 877). The heir or purchaser of a legatee or distributee under a will is not beneficially interested under the will, although they may be interested because of the will. *Jones* v. *Whilehead, supra; Cole* v. *Jordan*, 20 *Ga. App.* 302 (93 S. E. 33). The *Jones* case, supra, was distinguished and limited in *Long* v. *Huggins*, 72 *Ga.* 776. It does appear in the present case that R. D. Cubine is a legatee under the will; and therefore the interest of Irby Cubine was not exclusive. It appears from the caveat and application of Mrs. Irby Cubine that she is not a beneficiary under the will. Without more, her caveat can not prevail as against R. D. Cubine. The caveat and application also show that Mrs. Irby Cubine has been selected in writing by the two grandchildren of the testatrix, who were named as legatees under the will. It appears that it has been approximately ten years since the original executor qualified to administrator the estate, and it does not affirmatively appear from the caveat that they are now beneficially interested under the will, i. e., whether they have any interest in the unadministered portion of the estate. Moreover, even though it be conceded that these grandchildren, if beneficially interested under the will at the time of the application for letters of administration cum testamento annexo, and as such entitled to have a part in the selection of such administrator, it is not alleged in the caveat that they selected the caveatrix in such capacity as legatees; but on the contrary they specifically attempt to choose as the representatives of a next of kin. Under the facts the caveatrix is not entitled, as against R. D. Cubine, to be appointed administratrix cum testamento annexo, and the ordinary did not err in sustaining a demurrer to her caveat and application.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*