## 34059. ENNIS *v.* CARSON.

CARLISLE, J. Where, to an application for appointment as permanent administratrix, brought by a daughter of a deceased intestate, as next of kin and as a creditor, and alleging that the deceased intestate died leaving a large estate comprised of both real and personal property, a son files a caveat which fails to show that there is no estate to be administered, that no administration is necessary, or that the applicant is disqualified to serve as permanent administratrix, or is otherwise, according to the rules for the granting of letters of administration (Code, § 113-1202), not entitled to appointment, the superior court does not err, on appeal by consent of the parties from the court of ordinary, in sustaining a general demurrer to the caveat or in ordering the ordinary to grant the application. *Cole* v. *Jordan,* 20 *Ga. App.* 302 (93 S. E. 33); *Cubine* v. *Cubine,* 58 *Ga. App.* 779 (199 S. E. 833); *Conyers* v. *Bruce,* 109 *Ga.* 190 (34 S. E. 279); *McLaren* v. *Bradford,* 52 *Ga.* 648.

*Judgment affirmed. Gardner, P.J., and Townsend, J., concur.*

DECIDED JULY 11, 1952—REHEARING DENIED JULY 21, 1952.

*J. D. Godfrey, Casey Thigpen,* for plaintiff in error.

*W. Wright Abbott, Irwin L. Evans,* contra.

On November 7, 1951, Mrs. Marcia Ennis Carson filed the following application for permanent letters of administration on the estate of Mrs. Emma A. Ennis in the Court of Ordinary of Wilkinson County: "The petition of Mrs. Marcia Ennis Carson respectfully showeth that Mrs. Emma A. Ennis, resident of said county departed this life on the 4th day of April, 1945 leaving your petitioner as his [her] next of kin and creditor, and also leaving a large estate of real and personal property, worth the sum of eleven thousand five hundred and no/100 dollars, and at the time of her death the said Mrs. Emma A. Ennis was entirely intestate, as your petitioner believes and herein alleges. Whereof, he [she] prays the usual citation in such cases to issue in order that he [she] may obtain permanent letters of administration on Mrs. Emma A. Ennis' estate, and your petitioner will ever pray."

Citation duly issued and on December 3, 1951, H. J. Ennis filed the following caveat to the application for permanent letters of administration: "1. That the said Mrs. Marcia Ennis Carson comes now in the Court of Ordinary, *which is a court of law,* and seeks to have an administrator appointed upon said estate; that on October 17, 1949, in the Superior Court of Washington County, said Mrs. Carson and others, filed a petition in said court for equitable partition, of the lands of estate of Mrs. Emma A. Ennis, which were the only assets of said estate, and in said petition, the said Mrs. Carson and others alleged *that they had no adequate remedy at law,* and *to avoid a multiplicity of suits* and to adjudicate the rights and title of all parties at interest in said land *in one litigation,* and to do *complete* justice and equity *among the heirs,* and *prayed that a court of equity assume jurisdiction* and do full complete justice between the *heirs,* as a court of equity *alone* could do. 2. That said Mrs. Carson was claiming a one-sixteenth interest in the lands of the deceased, Mrs. Emma A. Ennis; that a court of equity, the Superior Court of Washington County, Georgia, *assumed jurisdiction as prayed by Mrs. Carson,* and others, and upon a trial at September term, 1950, of Washington Superior Court, a verdict and judgment was rendered, holding that Mrs. Carson and others had a one-

sixteenth interest in said lands; the Supreme Court of Georgia, on February 13, 1951 (*Ennis* v. *Ennis*, 207 *Ga.* 665), reversed said verdict and judgment with directions and held that Mrs. Carson and others, instead of having a one-sixteenth interest each, that the said Mrs. Carson really only had a one-sixteenth *of one fourth* in said lands. 3. That the said Mrs. Emma A. Ennis died April 4, 1945, and the said Mrs. Carson never contended or claimed that estate of her mother, Mrs. Emma A. Ennis, was due her any sum or due any other person any sum, but on March 27, 1951, *some six years* after death of her mother, the said Mrs. Carson decided that her mother's estate was due her the sum of $6600, and on March 27, 1951, sought to *intervene* in Washington Superior Court, *in her own partition proceedings,* and prayed that the court direct the commissioners to pay said sum to her. 4. That after H. J. Ennis and others filed their demurrer and answers *to Mrs. Carson's alleged intervention in her own suit,* she had herself appointed temporary administratrix upon estate of Mrs. Emma A. Ennis, and then as temporary administratrix, on June 12, 1951, *sought again to intervene in her own partition suit,* in Washington Superior Court, and without giving H. J. Ennis any notice of the attempt as temporary administratrix to get possession of the assets of the estate of Mrs. Emma A. Ennis, and without H. J. Ennis filing any pleading therein, the said Mrs. Carson, on September 17, 1951, obtained an order from Washington Superior Court, for commissioners to pay her the remaining portion of the funds of the estate of Mrs. Emma A. Ennis, when Mrs. Carson obtained her letters as permanent administratrix. 5. That on November 7, 1951, the said Mrs. Carson, after heretofore in Washington Superior Court, as aforesaid mentioned, having prayed that complete justice and equity alone could be obtained in a court of equity, then changed her mind and *comes to a court of law,* Court of Ordinary of Washington [Wilkinson?] County, Georgia, and prays to be appointed permanent administratrix upon said estate, and by her acts says now that she did not get justice in the court of equity. 6. Caveator says that no administrator should be appointed on estate of the said Mrs. Emma A. Ennis, and that the said Mrs. Carson is trifling with the courts, and in an effort to collect an alleged claim against the estate of Mrs.

Emma A. Ennis, that she never asserted until six years after her mother's death, and until after Supreme Court of Georgia had ruled adversely to the portion of the estate of Mrs. E. A. Ennis Mrs. Carson had inherited. 7. That Mrs. Carson is reserving a part of her grounds of complaint, if any, to be set up from time to time in the event of her losing on the partial alleged grounds relied on, and said additional grounds or claims, attempted to be set up, after Mrs. Carson filed the partition proceedings, should be by the court deemed to have been abandoned, otherwise there would be no end to litigation. 8. Mrs. Carson's efforts to have herself appointed permanent administratrix upon said estate, so that she will be able to litigate further, and she has lost all of her legal maneuvers as an individual, should not be permitted, as she is bound by the final judgment of Supreme Court of Georgia, in a partition proceeding, which she instigated and now seeks to be appointed administratrix. 9. That Mrs. Carson nor any other person should be appointed administrator upon said estate at this late day, as she is estopped from claiming any funds as an individual or administratrix, for the reason that, she having claimed the funds by reason of the death of Mrs. E. A. Ennis, and as her heir at law, in the partition suit, her efforts now to be appointed permanent administratrix and get the funds and pay herself the alleged claim of $6600 is just another way of claiming the funds, after the claims and interest of Mrs. Carson and others were asserted otherwise, and Mrs. Carson and others were unsucccessful in obtaining a one-sixteenth interest in said estate, but only was decreed a much smaller interest, to wit, one-sixteenth of one-fourth. 10. Mrs. Carson's attempt to be appointed permanent administratrix, upon said estate, is an effort to avoid the effect of final judgment of Supreme Court of Georgia and collect an alleged claim against said estate, which claim, if it were due her, should have been asserted in the beginning. 11. The alleged claim of Mrs. Carson against said estate is barred by lapse of time in asserting same, even if such claim existed, and by her laches she is now barred, as she pursued several other remedies, without avail, before seeking to obtain the funds by being appointed administratrix. 12. Mrs. Carson is estopped from being appointed permanent administratrix and seeking to collect an alleged claim against

said estate for the reason that she and others first claimed the funds by reason of death of Mrs. Emma A. Ennis, *and claimed as heirs at law,* and Mrs. Carson not having been decreed a share in said estate *as large as she expected,* her efforts are not but another effort to claim a greater interest in said estate than decreed by Supreme Court, she having otherwise asserted her claim to a certain share in said estate and was unsuccessful, she should not now be allowed to pursue a different remedy to get a greater share in said estate. 13. When Mrs. Carson filed her petition for partition she only claimed a one-sixteenth interest in the estate; if the estate was due her a greater interest, share *or claim,* she should have then and there asserted the same—at that time she merely instituted litigation and claimed only a one-sixteenth interest and did not claim any account for services rendered to said deceased. 14. The court of equity, which Mrs. Carson alleged *alone* could do her justice, has already partially administered the estate—the commissioners have sold all of the assets of said estate for the sum of $9375, *and all of these funds have been divided between Mrs. Carson,* and others, except the sum of $2956, now in the hands of the commissioners, the *said funds having been disbursed in a court of equity, at instigation of Mrs. Carson.* 15. That application of Mrs. Carson to be appointed was made to Court of Ordinary of Wilkinson County, on November 7, 1951, and citation is now being published, returnable to December term, 1951; that said application was filed too late to be returnable to December term, 1951, but same should have been filed on regular court day, November 5, 1951. Wherefore, H. J. Ennis, caveator, stands ready to verify each and every one of the grounds hereinbefore set out, and prays that same be sustained and that no administration be allowed upon said estate."

The applicant for letters of administration filed a general demurrer to the caveat on the ground that it set up no lawful reason why she should not be appointed permanent administratrix of the estate. At the January term of the Court of Ordinary of Wilkinson County, the case was by consent appealed to the superior court, which, on March 12, 1952, entered the following judgment: "The demurrer of the applicant to the caveat is hereby sustained. The case is hereby remanded to the Court

of Ordinary of Wilkinson County, Georgia, with directions that the application for administration be granted, and that letters of administration issue upon the administratrix qualifying according to law by taking the oath provided by law and giving such bond as the ordinary may require. After appropriate record in this court, let the original pleading in the court of ordinary, together with a certified copy of this order be transmitted to said court of ordinary."

The caveator excepted to this judgment and came by bill of exceptions to this court for a review of the decision.