ZACHARIAH H. SHEPPARD, plaintiff in error, *vs.* MILES WHITFIELD, executor, defendant in error.

When a suit pending in the Superior Court was dismissed by order of the Court at March term, 1869, of the Court, and there is nothing on the face of the order to show the ground of its dismissal, it is too late at June term, 1872, to move to have the case reinstated on the ground shown by parol, that the order of dismissal was because the suit was for a slave debt.

Practice in the Superior Court. Judgment. Before Judge TWIGGS. Washington Superior Court. June Adjourned Term, 1872.

Sheppard brought complaint against Whitfield as the executor of Robert Whitfield, deceased, for $500 00, alleged to be due for the hire of a slave. At the April term, 1869, of the Court, when the case was called, defendant's counsel moved to dismiss the same on the ground that it was a suit for the recovery of the hire of a slave, of which the Court could not take jurisdiction under the provisions of the Constitution of 1868. The motion was sustained.

The record and bill of exceptions fail to disclose the judgment of the Court. It is merely stated, in general terms, that the motion was sustained and the case dismissed.

Sheppard *vs.* Whitfield.

At the June adjourned term, 1872, counsel for plaintiff moved to reinstate said cause upon the following grounds, to-wit:

1st. Because the Court erred in entertaining a motion to dismiss said cause under the provisions of the Constitution of 1868.

2d. Because the provision of the Constitution of 1868, which prohibits the Courts from taking jurisdiction of debts for the sale or hire of slaves is null and void, being obnoxious to the 10th section of the 1st Article of the Constitution of the United States.

3d. Because there existed no legal ground for dismissing said cause.

The motion was overruled and the plaintiff excepted.

LANGMADE & EVANS, by brief, for plaintiff in error.

No appearance for defendant.

McCAY, Judge.

Whilst the question in this case is settled by the decision in the case of *Tison vs. McAfee,* decided at this term, yet, as there is a material difference between this case and those cases in one particular, and as that difference makes this a case on which we all agree, we prefer to put the case on a ground dependent upon that difference. In the case referred to the judgment of the Court, dismissing the suit, was, upon its face, based solely on the ground that the consideration of the debt sued was slaves; the judgment in this case is a general one. No reason is stated for dismissing the case. The Chief Justice dissented in the former cases on the sole ground that upon the face of the record it appeared that the Court had done an act beyond its power, and, therefore, beyond its jurisdiction; an act void upon its face. No such thing appears here. The case, as appears by the record, was dismissed. So far as the record shows, this may have been for a good reason—one entirely proper. True, it is made to appear by parol that the

real reason was not a good one.    But, even in the view of the Chief Justice, as stated by him so emphatically in the two cases alluded to, it is not competent to attack a judgment apparently good, by a parol showing that the reason for it was one that did not exist in law.    If the dismissal was error, the losing party should have excepted at the time, procured a certificate of the Judge, in due form, to the truth of the case and sought his remedy by writ of error to this Court.

Judgment affirmed.