## MURDOCK *vs.* HUNT.

1. The grant of letters of administration in a contest between relatives of a decedent, should be to the next of kin, according to the law of relationship and distribution. The law of relationship should not be relied on to the exclusion of that of distribution.

(*a.*) Therefore, where neither of the applicants are distributees, the court should not charge as a matter of law that the nearest of kin by the law of relationship is entitled to letters, although the ordinary, or, on appeal, the jury, might take that into consideration, with other qualifications, in deciding the contest.

2. Where a person clearly entitled to administer upon an estate, and with no other person equally near of kin, selected one of two contestants to administer on the estate, and the jury found in favor of that contestant, the verdict will be upheld, even though the charge of the court was not strictly correct.

3. Should such a selection be in writing? *Quære.*

Administrators and Executors. Estates. Before Judge ERWIN. White Superior Court. May Term, 1881.

Reported in the decision.

A. F. UNDERWOOD & SON; J. J. KIMSEY, for plaintiff in error.

C. H. SUTTON ; W. T. CRANE; W. H. WILLIAMS, for defendant.

JACKSON, Justice.

This was a contest for letters of administration, on appeal to the superior court of White county from the ordinary. The jury, under the facts and charge of the court, found that the defendant in error and *caveator* was entitled thereto, over the plaintiff in error, who was the applicant for the letters, and the refusal of the court to grant to the latter a new trial, is the error assigned here :

1. The applicant is the great-grandson of the intestate, the *caveator* the grandson ; and at the time of the death

of the intestate, neither was entitled to any share of his estate—their parents, or grandparents, being then in life, and distributees thereof. The great-grandson was interested in the estate at the time of the application—his parents and grandparents being dead; the grandson was not, his mother, an heir at law and distributee, being alive, and being the only living distributee of the estate of the intestate. Under this state of facts, the court charged the jury to the effect that the grandson was entitled as next of kin, being nearer to the intestate than the great-grandson, and neither being distributees of his estate at the time of his death. The Code declares the next of kin, according to relationship and distribution *at the time of the death*, entitled. Code §§2494–2. Thus the statute contemplates not only relatives, but relatives entitled to distribution; and neither of these is, or was ever, a distributee of this estate. The grandson is a distributee of no estate, for his mother is living, and *nemo est haeres viventis;* the great grandson is not a distributee of this estate, but of that of his ancestor upon whom the inheritance fell at the death of the intestate. Under the law of relationship and distribution, therefore, neither the applicant nor the *caveator* was entitled, for neither is, or was at the death, a distributee of this estate. We cannot say, therefore, that the court was right in charging the jury, that as matter of law the grandson was entitled, as next of kin. In such a contest, on such facts, perhaps the grant to the one or the other rested in the discretion of the ordinary, and on the appeal in that of the jury, under the instructions of the court as to nearness of blood, qualifications, interest at the time of the application for or against the estate, etc. For neither being a distributee, it would seem that neither on account of mere nearness of blood, both under our Code and the law before the Code, would be absolutely entitled to letters. See 25 *Ga.*, 624; 29 *Ib.*, 519; 31 *Ib.*, 624; Williams on Executors v. 1, pp. 485, 491, 492.

2, 3. Who then is entitled? Under the facts this record discloses, the mother of the caveator is clearly entitled, for she is the only living person at the date of the application who was next of kin according to the law of relationship and distribution when the intestate died. And being so entitled, the record shows that she designated her son, the caveator, to take the administration. Therefore, whether the charge be right or wrong, no harm was done by it; because the fact that the only person entitled clearly to letters designated the person to whom the jury by their verdict granted them.

A point was made by the counsel for plaintiff in error, who argued his cause with much learning and zeal, that this designation should have been in writing under section 2494, sub-section 4 of the Code; but that sub-section applies to cases where there are several who are next of kin. In such cases there are obviously good reasons why the choice of one of them should be in writing, to avoid all dispute among many equally entitled and standing in the same degree; but here but one was so entitled, and she chose her son to act. It seems to us to come rather under the spirit of sub-sections 6, 7 and 10, of §2494; and a designation in writing not to be essential. 63 *Ga.*, 458.

But be that as it may, the testimony before the jury that she did designate the caveator was not objected to; it went before them as evidence and makes the verdict stand as required by the evidence.

Besides, should the case be remanded for a new trial, she would then designate her son to act, and if necessary make the selection known in writing.

Therefore, while we doubt that the charge of the court is precisely the law, in that it seems to ignore the law of distribution in this case, because neither contestant was a distributee, yet as the grandson is more nearly related to the intestate than the great-grandson, we will not send the case back on this doubt; but affirm the judgment denying the new trial mainly on the ground that the person

entitled to administration selected the defendant in error, and thus made him entitled to stand in her shoes and administer her father's unadministered estate.

We do not think that his being a creditor, even if he is, should defeat the grant. Under our law, when there are no next of kin, it may entitle him (sub-section 5 of section 2494); and if neither be next of kin, the applicant nor himself under the law of distribution, the fact that he is a creditor would add to his claim. On the whole the verdict ought to stand.

Judgment affirmed.