## MYERS v. CANN, guardian, et al.

1. A corporation which is a creditor of a testator is entitled to the same rights as other creditors in the selection of an administrator with the will annexed; but one who is appointed administrator, upon the selection of a creditor or creditors, must be himself a creditor. The president of such a corporation, having no individual claims against the testator, is not a creditor and cannot be thus selected as administrator.

2. The sole devisee and legatee of a deceased person who was the sole devisee and legatee of another deceased person, is, irrespective of the question of the solvency of the estate of the last, the person entitled to that estate within the meaning of paragraph 6 of section 2494 of the code; and where the person so entitled is a minor, his guardian, in a contest for administration with the will annexed on that estate, has the right to select a disinterested person as administrator, and if that person is duly qualified, he is entitled to the appointment.

February 5, 1895.

Appeal. Before Judge FALLIGANT. Chatham superior court. June term, 1894.

BARROW & OSBORNE, for plaintiff in error.

G. T. & J. F. CANN, contra.

ATKINSON, Justice.

The questions made in this case arise on the following state of facts: Herman Myers presented his petition to the ordinary of Chatham county, asking that letters of administration with the will annexed be granted to him upon the estate of Peter Patterson. In his petition he set forth that Patterson had died testate, but nominating no executor, leaving an estate worth about fifteen hundred dollars; that the sole legatee of the estate was Emma Jones, who failed to administer said estate, and that the Savannah Grocery Company, of which petitioner is president, is a creditor of deceased. A caveat was interposed by G. T. Cann as executor of Emma Jones, deceased, upon the grounds: (1) Emma Jones as sole legatee is entitled to the estate of Patterson, and

in her lifetime selected, and her executor hereby selects, E. S. Elliott to be administrator, and requests his appointment as such. (2) Neither Emma Jones, nor her executor, ever relinquished any of her rights under the law of administration, and any delay in having a permanent administrator appointed has been due to her inability, until November 2d, 1893, to secure a suitable disinterested party to administer and give bond, and she was unable, on account of ignorance, to properly administer, and the application of Myers was made prior to November 1st, 1893. (3) The interest of Myers is hostile to the estate of Patterson. (4) Myers is not a creditor of or otherwise interested in said estate. (5) The Savannah Grocery Company is not authorized under its charter to administer upon estates of deceased persons, and Myers, as president of that company, would not be authorized to administer upon the estate of Patterson. (6 and 7) Emma Jones, G. T. & J. F. Cann and B. S. Purse are creditors of the estate of Patterson, and they have and do select and request the appointment of Elliott as administrator.

The matter went by appeal to the superior court, where the *caveat* was amended and the following grounds added: The estate of Patterson is not insolvent. The claim of the grocery company against it is not a true and correct statement of the indebtedness thereof to the grocery company, and the correctness of said account and liability of said estate to said company are disputed, and it is necessary that letters be granted to Elliott that the correctness of the account may be properly investigated. Emma Jones died testate, bequeathing all her property to Viola Jones, a minor, and appointing G. T. Cann executor of her will; and he has been appointed guardian of the property of Viola Jones.

The jury found against the application of Myers, and that letters be issued to Elliott. Myers moved for a new trial, and his motion being overruled, excepted.

1. The various grounds of error alleged to have been committed upon the trial of this case are covered by the two general propositions stated in the head-notes hereto. That upon failure of administration upon an estate by the next of kin, and on the selection by creditors of a person to be administrator, no person can be so selected unless he be either of kin to the intestate or a creditor or otherwise interested in the grant of administration, we think is settled by paragraph 8 of section 2494 of the code. According to this record, Herman Myers, the applicant for administration, was neither of kin, nor was he a creditor, nor had he any personal interest in the administration of the estate. The indirect interest which he had in the assets of this estate, resulting from his interest in the corporation, was not of such a character as to make him a creditor of the estate or give him such a personal interest in the administration thereof as to bring him within the terms of the section of the code cited. The estate owed him no money, but its debt was due entirely to the corporation upon whose nomination the selection of Myers depended. Not being a creditor, he was not eligible to selection. The mere fact that he was the president of the corporation would not authorize his appointment, at its nomination, to this position. It is the creditor himself, and not his representative, who must administer; and therefore, if wanting in power to conduct an administration because of the absence of provisions in its charter to that effect, if the corporation desires to exercise its right of selection, it must select either some other creditor or one of the other classes of persons enumerated in the section of the code referred to.

2. The estate upon which administration was sought had been devised by Peter Patterson, the testator, to Emma Jones as the sole legatee, who had in her lifetime selected the person now named by the caveator to

v 95-25

be administrator upon this estate. Before qualification, however, she departed this life, having devised her estate to her minor daughter, of whom the caveator in this case is the guardian. The guardian, acting for and on behalf of this minor devisee, claims the right to select an administrator upon this estate. Under paragraph 6 of section 2494 of the code, the persons entitled to an estate may select a disinterested person as administrator, and, if otherwise qualified, he may be appointed. There is no question but that the person named by the caveator was disinterested and was otherwise qualified to take the administration. We think the term *person entitled to an estate* means the person in whom the legal right is vested. Though an estate be entirely insolvent, the persons to whom it descends under the statute of distributions, or the persons to whom it is devised by the testator, are those who are legally entitled to it. It is true that all estates, in the first instance, constitute a trust fund charged with the payment of the debts of the intestate or testator, but the charge upon the estate in no way changes the tenure under which it is held. The legal right is in the heirs and devisees, charged with a trust to the extent of the intestate's or testator's debts; and while the whole estate may be consumed in the payment of these debts, still the creditor is not entitled to the estate as an estate. He has no interest in the estate further than the law charges upon it the payment of his debt; and we therefore hold that, inasmuch as the legal title to this estate was vested in the ward of this guardian who files the *caveat* in this case, and inasmuch as the verdict was in favor of the selection of that person named by him to be administrator, the appointment should be upheld. The verdict of the jury is in accord with the evidence.

Let the judgment of the court below be     *Affirmed.*