## 26658.   HILL v. AKINS.

DECIDED JANUARY 7, 1938.

*J. A. Mitchell,* for plaintiff in error.   *J. A. Beazley,* contra.

MACINTYRE, J.   The exception is to a judgment of the superior court affirming a judgment of the court of ordinary appointing R. W. Golucke as administrator of the estate of Mrs. Emily Akins. The case began with Mrs. Burma Akins's application for appointment of an administrator of the estate of Mrs. Emily Akins, the grounds of the application being that "petitioner is an heir at law of. . . Mrs. Emily Akins, and administration is necessary for the purpose of distribution." At the term of court to which citation was returnable the application was amended twice without objection. The first amendment was: "Petitioner has an interest in the estate of Mrs. Emily Akins." The next amendment made Mrs. Eunice Beazley a joint applicant with Mrs. Burma Akins. A caveat filed by Roy Hill, Allene Hill, Agnes Hill, and Clifford

Hill, all heirs at law of Mrs. Emily Akins, avers that "Mrs. Burma Akins is not an heir at law of . . Mrs. Emily Akins, nor a creditor of the estate, . . nor otherwise interested in such, and has no right to make such application," and names Ferrell Hill as one next of kin who is "a proper person to be appointed administrator." The judge of the superior court affirmed the judgment of the court of ordinary, upon an agreed statement of facts. the substance of which is as follows: "Mrs. Emily Akins had three children, who are all dead, viz., J. W. Akins, C. S. Akins, and Mrs. Charlie Hill." J. W. Akins predeceased his mother, leaving a wife, Mrs. Hattie Akins, and five children, all of whom "are now living." C. S. Akins, who was living when his mother died, left surviving him his wife, Mrs. Burma Akins, the applicant, and one child, Mrs. Eunice Akins. Mrs. Charlie Hill survived her mother, but subsequently died, leaving a husband, Charlie Hill, and five children. Mrs. Burma Akins "is the widow of C. S. Akins, who was the son of Mrs. Emily Akins. Citation issued by the ordinary and published according to law." All of the children of C. S. Akins and J. W. Akins, who were "a majority of the next of kin of Mrs. Emily Akins," joined in a "written request that R. W. Golucke be appointed, and he was appointed by the ordinary of said county. There has never been administration of the estate of C. S. Akins. Mrs. Burma Akins, the applicant and widow of C. S. Akins, has never elected to take a child's part." Error is assigned upon the judgment of the judge of the superior court, "on the grounds that the same is contrary to law, as the defendant in error was not an heir at law of the deceased, Mrs. Emily Akins, was not a creditor of her estate, nor otherwise interested in the same, and . . the application made by defendant in error was void ab initio."

Granting that Mrs. Burma Akins had no right to file the application for letters of administration of the estate of her mother-in-law, we are yet of the opinion that, under the situation presented by the pleading and the agreed statement of facts in this case, the judgment affirming the appointment of R. W. Golucke as administrator was correct. And we reach this conclusion notwithstanding the ruling in *Towner* v. *Griffin,* 115 *Ga.* 965 (42 S. E. 262), that a person who is not qualified to act as administrator has no right to make application for letters of administration; and that where

the application fails to show any right in the applicant to apply, it should be dismissed on motion. In the instant case the application appears proper and legal on its face, and it was not attacked by demurrer or motion to dismiss. "Citation was issued by the ordinary and published according to law." Eleven grandchildren constituted the next of kin and heirs at law of the intestate. Four of these caveated the application, and named their brother as one next of kin and "a proper person to be appointed administrator." The remaining six grandchildren, who were "a majority of the next of kin of Mrs. Emily Akins," made a request in writing that R. W. Golucke be appointed. In appointing Golucke the ordinary followed the Code, § 113-1202, par. 3, which reads: "If there shall be several of the next of kin equally near in degree, the person selected in writing by a majority of those interested as distributees of the estate, and who are capable of expressing a choice, shall be appointed." All those entitled to take part in selecting an administrator participated in the proceedings in one capacity or another, and Golucke was the preference of the majority. The ultimate contest was between the heirs at law of the intestate, and a proper result was reached. Indeed, if all that has been done were set aside and a new proceeding instituted, there is every reason to believe that the same result would be reached. The Code, § 113-1213, reads: "Administration may be granted to persons other than him in whose name the citation shall issue, and without a new citation being published." In *Murdock* v. *Hunt,* 68 *Ga.* 164, neither the applicant nor the caveator was entitled to administer the estate, and the appointment of the applicant's mother, who was the only living distributee of the estate, was affirmed. It would appear that the law is more concerned with giving those entitled to be heard an opportunity to have their claims considered, and a fair hearing and the reaching of a correct result, than in who filed the application.

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*