33312.   ROE *v.* PITTS.

DECIDED DECEMBER 5, 1950.

*Henry L. Barnett, James B. Langford,* for plaintiff.

*R. F. Chance, Pittman, Hodge & Kinney,* for defendant.

TOWNSEND, J. (After stating the foregoing facts.) ■ The second contention of the plaintiff in error will be first considered. This is to the effect that the ordinary had a discretion to issue letters of administration de bonis non to a creditor of the estate under the provisions of Code § 113-1202 (5) which provides as follows: "Where no application shall be made by the next of kin, a creditor may be appointed; and among creditors, as a general rule, the one having the greatest interest shall be preferred." Code § 102-103, which sets out the meaning of certain words in the construction of statutes, provides as follows: "*May* ordinarily denotes permission and not command. Where the word as used in a statute concerns the public interest or affects the rights of third persons it will be construed to mean

'must' or 'shall.'" From the juxtaposition of the words *may* and *shall* in the same sentence applying to the appointment of creditors as administrators, it is obvious that the word *may* was there used in its permissive sense. Therefore, as the defendant in error was not next of kin, and since no application was made by one next of kin to the deceased, it appears that there was no impropriety in the granting of letters of administration to the plaintiff in error by the ordinary under this Code section, and if the jurisdiction of the superior court in this case were confined to errors of law from the court of ordinary, a different result might be reached. Under the provisions of Code § 6-501, however, an appeal to the superior court is a de novo investigation and is not confined to the correction of errors of law, and all competent evidence is admissible therein. *Hartley* v. *Holwell*, 202 *Ga.* 724 (44 S. E. 2d, 896); *Anderson* v. *Smith*, 76 *Ga. App.* 171 (45 S. E. 2d, 282). This applies to appeals from the court of ordinary to the same extent as to appeals from other courts. *Moody* v. *Moody*, 29 *Ga.* 519. A new and different termination of the case in the superior court does not merely work a reversal of the judgment of the court of ordinary, but supersedes it by another judgment. As stated in *Abrams* v. *Lang*, 60 *Ga.* 219, 221: "Moreover, though a wholly different judgment from that rendered by the justice of the peace be rendered on the trial of the appeal, the latter is no reversal of the former, in any proper legal sense. To reverse a judgment, the judgment itself must be judged, and not the action merely; a question must be raised between the judgment and the law. 9 *Ga.* 293. But on appeal, it is the action that is examined, and not the judgment. 'An appeal to the superior court is a de novo investigation . . ' It is quite obvious that, with such latitude as to evidence, the judgment appealed from and a directly opposite judgment in the appellate court, might both be free from error—each of them might be absolutely correct on the facts submitted and the law applicable thereto." The question before this court, therefore, is not whether the ordinary committed error in ordering that letters of administration issue to the creditor, but whether, disregarding this judgment, the superior court properly ordered that the letters issue to the defendant in error here.

■ It is well settled that an heir of the heir at law of the deceased is not an heir of the estate under consideration. *Tanner* v. *Huss,* 80 *Ga.* 614 (6 S. E. 18); *Cubine* v. *Cubine,* 58 *Ga. App.* 779 (2) (199 S. E. 833). The fact that Mrs. Pitts was the sole heir at law of her son's estate, as well as executrix and sole beneficiary under his will, and that he was the sole heir at law of the estate of Lulie Pitts, as well as its administrator, does not give Mrs. Pitts any status as an heir of the estate of Lulie Pitts. See also *Megahee* v. *Megahee,* 143 *Ga.* 738 (1) (85 S. E. 877); *Jones* v. *Whitehead,* 66 *Ga.* 290; *Cole* v. *Jordan,* 20 *Ga. App.* 302 (93 S. E. 33). Nor was she next of kin, or apparently of any kin, to the deceased. Her right to the letters of administration de bonis non rests entirely upon Code § 113-1202(9), which provides as follows: "As a general rule, to cover all cases not specially provided for, the person having the right to the estate shall be appointed administrator."

In the case of *Myers* v. *Cann,* 95 *Ga.* 383 (22 S. E. 611), involving a contest between the president of a creditor corporation on the one hand, and the minor heir of the sole heir of the estate on the other, the guardian of the minor was held entitled to select the administrator under that part of Code § 113-1202 providing that the person entitled to an estate may select a disinterested person as administrator, and it was there held that the words "person entitled to an estate" meant the person in whom the legal right was vested. By analogy, therefore, the defendant in error here, who is the sole heir of the sole heir of the estate, is the person in whom the legal right is vested. True, she can claim this right only in "cases not specially provided for," but the Code does not lay down any inflexible rule for the appointment of administrators unless there is (1) a husband or wife surviving, or (2) next of kin (in cases of intestacy such as this). Subparagraph 8 provides that no person who is neither of kin to the intestate nor a creditor *nor otherwise interested in the grant of administration* shall be appointed. As between a creditor and the person entitled to an estate, but who claims neither as an heir or legatee under a will, the Code makes no specific provision. The general rule is stated in *Leverett* v. *Dismukes,* 10 *Ga.* 98 (1): "Both by common law and by statute, the person entitled to the estate of a decedent is entitled to the

administration." The reason usually given for this rule is that the person having title to the estate is most interested and will take best care of it. The administrator holds the estate for the purpose of paying debts and distribution. Code § 113-901. The creditor, once the debts are paid, would have no interest in the balance of the estate, whereas the person entitled would have an interest, not only in paying the debts, but in conserving the entire estate as well. The rule that the administration should go to the person having the greatest interest in the estate is generally recognized. See Redfearn, Wills and Administration of Estates, p. 401; 1 A. L. R. 1245. The judge of the superior court did not err in sustaining the caveat and ordering that letters of administration issue to the defendant in error, the person solely entitled to the estate after payment of debts.

*Judgment affirmed.* *MacIntyre, P.J., and Gardner, J., concur.*