33599. SMITH *v.* GOODWIN *et al.*

DECIDED JULY 16, 1951.

*George B. Rushing,* for plaintiff in error.

*Hammond, Kennedy & Sanders,* contra.

TOWNSEND, J. (After stating the foregoing facts.)

■ It is contended by the caveator that the trial court erred in overruling her demurrer to the amendment filed by the applicants after the case reached the superior court on appeal from the court of ordinary on the grounds that the amendment sought to add a new party to the cause of action, and sought to base applicants' claim on a fact not in existence at the time of filing the petition. Code § 6-501 provides as follows: "An appeal to the superior court is a de novo investigation. It brings up the whole record from the court below and all competent evidence shall be admissible on the trial thereof, whether adduced on a former trial or not. Either party is entitled to be heard on the whole merits of the case." See also *Moody* v. *Moody,* 29 *Ga.* 519. When the case came up in the superior court it was a de novo investigation. The judge of the superior court was invested with jurisdiction to allow the appointment of the administrator as made by the ordinary to stand or to revoke that appointment and appoint another. See *Roe* v. *Pitts,* 82 *Ga. App.* 770 (62 S. E. 2d, 387). It being a de novo investigation, it was proper for the trial court to allow any amendment, whether in the manner of form or substance, which would have been proper while the case was in the court of ordinary. See *Wofford* v. *Vandiver,* 72 *Ga. App.* 623 (4) (34 S. E. 2d, 579). The amendment did not seek to make Carl

Sanders a party. It only sought to set up facts which had occurred subsequent to the appeal. The judgment of the trial court overruling the demurrer to the amendment was not error for any reason assigned.

■ ■ The caveator contends that the trial court erred in sustaining the demurrer of the applicants to her caveat and dismissing it because she contends that, as a sister of the intestate, she is his next of kin; that she was selected by the remaining brothers and sisters of the intestate who constituted all of his next of kin, and that by reason of these facts she is entitled to be appointed administrator of his estate.

Code § 113-1202, which prescribes the rules for granting letters of administration, provides in part as follows: "In the granting of letters of administration of any kind, the following rules shall be observed, the applicant being required, in all cases, to be of sound mind, and to be laboring under no disability. 1. The husband or wife surviving, irrespective of age, shall be first entitled. 2. The next of kin, at the time of the death, according to the law declaring relationship and distribution, shall be next entitled; but if the party died testate, the person most beneficially interested under the will shall have the preference. Relations by consanguinity shall be preferred to those by affinity. 3. If there shall be several of the next of kin equally near in degree, the person selected in writing by a majority of those interested as distributees of the estate, and who are capable of expressing a choice shall be appointed." It is noted that division two of the foregoing Code section provides in part that the "next of kin at the *time of the death,* according to the law declaring relationship and distribution, shall be next entitled." The record here discloses that at the time of the death of James Tutt he left surviving him his wife who was entitled to administer his estate under the first provision of the foregoing Code section. At that time the caveator and the remaining brothers and sisters of the deceased were not entitled to administer the estate nor were they interested as distributees. The priorities provided for in Code § 113-1202 are as the facts show their existence to be at the time of the death of the intestate. Also, construing the second and third provisions of this Code section together, it is obvious

that the next of kin referred to are "next of kin . . interested as distributees of the estate." *Murdock v. Hunt*, 68 *Ga.* 164. Here, the caveatrix and her brothers and sisters are not in any way interested as distributees of the estate of James Tutt, who died leaving his wife as sole heir. Code § 113-903, establishing the rules of inheritance, provides in part as follows: "1. Upon the death of the husband without lineal descendants the wife is his sole heir, and upon the payment of his debts, if any, may take possession of his estate without administration." It is clear that the caveator was not entitled to be appointed under any of the provisions of Code § 113-1202, because she and the remaining brothers and sisters of the intestate who nominated her were neither the next of kin at the time of the death of the intestate nor are they in any way entitled to share in his estate. They were therefore not entitled to nominate one of themselves as permanent administrator. *Rainey v. Moon*, 187 *Ga.* 712, 715 (3) (2 S. E. 2d, 405). The trial court therefore did not err in sustaining the demurrer of the applicants to the caveat and dismissing it.

█ The brother and sister of Mary Jane Tutt, the applicants to have the clerk of the superior court appointed administrator of the estate of James Tutt, are interested in the property which was once the estate of James Tutt. They are the sole heirs of Mary Jane Tutt who inherited this property from her husband, and as such have inherited it from Mary Jane Tutt. However, as such brother and sister of Mary Jane Tutt, they are not entitled to be appointed as permanent administrators themselves or to notminate another. They are merely heirs of his wife and as such are not heirs of the estate under consideration. See *Roe v. Pitts*, supra; *Tanner v. Huss*, 80 *Ga.* 614 (6 S. E. 18) ; *Cubine v. Cubine*, 58 *Ga. App.* 779 (2) (199 S. E. 833) ; *Megahee v. Megahee*, 143 *Ga.* 738 (1) (85 S. E. 877). They are, however, entitled to have an administrator appointed. In the exercise of this right, their petition affirmatively shows that "his estate is not represented and is not likely to be represented, due to the fact that his sole heir at law, Mary Jane Tutt, has since passed away." Under these circumstances, the duty devolves upon the ordinary to appoint a county administrator whose duty it shall be to take charge

of the estate, or, in the absence of a county administrator, it shall be the duty of the ordinary to vest the administration in the clerk of the superior court of such county. See Code §§ 113-1301, 113-1307.

While the applicants were not entitled to nominate the clerk of the superior court to act as administrator as a matter of right, nor were they entitled to do so in conjunction with Carl E. Sanders, the administrator of the estate of Mary Jane Tutt, yet the ordinary was fully empowered under the law to appoint the clerk of the superior court as such as administrator. The judgment of the superior court is without error for any reason assigned.

*Judgment affirmed. MacIntyre, P.J., and Gardner, J., concur.*