38732.   McCRAY v. THE FIRST NATIONAL BANK *et al.* Executors.

DECIDED APRIL 13, 1961.

*Walter V. Beasley, J. N. Johnson,* for plaintiff in error.

*Paul L. Lindsay, Jr., Emmett O. Dobbs, Jr.,* contra.

JORDAN Judge. *Code Ann.* §§ 113-1210.1, 1210.2, 1210.3 (Ga. L. 1952, p. 87) provide as follows: "In all cases when the only qualified and acting executor of the estate of a decedent dies testate himself, any person or persons having an interest in the estate of

such first decedent shall have the right to apply to the court of ordinary having jurisdiction of the administration of such first estate for the appointment of an administrator de bonis non with the will annexed of such first testator." (*Code Ann.* § 113-1210.1).

"Upon the hearing of said application, after the issuance and publication of citation as in other cases of applications for letters of administration, the ordinary shall inquire into the circumstances of the case and determine whether the interest of such first estate and the persons interested therein will be best served by the appointment of an administrator de bonis non with will annexed or by permitting the executor appointed under the will of such deceased executor to be or become, as the case may be, e executor of such first estate by operation of law." (*Code* § 113-1210.2).

"Should the ordinary find that the interest of such first estate and of the persons interested therein will be best served by the granting of said application the same shall be granted, otherwise said application shall be denied." (*Code Ann.* § 113-1210.3).

Under the rulings of the Supreme Court and of this court in *Myers v. Cann*, 95 Ga. 383 (22 S. E. 611) and *Roe v. Pitts*, 82 Ga. App. 770 (2) (62 S. E. 2d 387), the petitioner, as the sole beneficiary under the will of Harold Plennie Miner who was a beneficiary under the will of Mrs. J. P. Miner, has an interest in the estate of Mrs. J. P. Miner and is a competent party to be named as administratrix of that estate. Accordingly, she is a person "having an interest in the estate of such first decedent" within the purview of *Code Ann.* § 113-1210.1 as quoted above and was entitled under that Code section to apply to the Court of Ordinary of Fulton County for letters of administration de bonis non with the will annexed on the estate of Mrs. J. P. Miner. There is no merit to the defendant's contention that the above cited Code sections refer only to those persons who are beneficiaries under the will of the first decedent. Accordingly, the plaintiff's petition stated a cause of action and the trial court erred in dismissing the appeal from the court of ordinary since under *Code* § 6-501 the plaintiff was entitled to a de novo trial in the superior court on the issues therein pre-

sented.. See *Roe v. Pitts*, supra, .(1) ; *Goodman v. Little*, 213 Ga. 178, 179 (97 S. E. 2d 567)..

*Judgment reversed. Townsend, P. J.; Carlisle. and Frankum, JJ., concur.*