### 51608. HUGHES et al. v. STAR BONDING COMPANY, INC.

Deen, Presiding Judge.

1. "When a judgment has been rendered by a court of general jurisdiction and the record is silent as to any fact necessary to give the court jurisdiction, the law presumes that such fact existed; and generally this is a conclusive presumption. *Sheppard v. Whitfield,* 50 Ga. 311." *Franklin County v. Crow,* 128 Ga. 458, 463 (57 SE 784). Where it becomes germane to determine whether jurisdiction of a case rested with the Superior Court of Muscogee County or the Court of Appeals on September 17, 1974, and nothing further appears, it will be presumed that the trial court had jurisdiction at the time it passed the order here the subject of appeal, and that the docketing in this court occurred later in the day, so as to exercise the presumption in favor of the actions of both courts. This is particularly true where the plaintiff Star

Bonding Company, which in its declaratory judgment action seeks a ruling that its surety bond is void because issued at a time when the superior court lacked jurisdiction, might have but did not allege either in its original petition, or by amendment, facts which would indicate that the appeal of the former case, *Town Finance Corp. v. Hughes,* 134 Ga. App. 337 (214 SE2d 387), was docketed in the Court of Appeals before the judgment here complained of was filed in the superior court.

2. Code § 6-1002 (a) provides in part that "upon motion by appellee, the trial court shall require that supersedeas bond be given with such surety and in such amount as the court may require, conditioned for the satisfaction of the judgment in full," etc. Subdivision (b) reads: "If supersedeas bond is not filed within the time specified by the judge, or if the bond filed is found insufficient, and if the action is not yet docketed with the appellate court, a bond may be filed at such time before the action is so docketed as may be fixed by the trial court. After the action is so docketed, motion to require bond may be made only in the appellate court." The latter section is to some extent ambiguous. If the first sentence means that any bond *filed* in the trial court after the case is *docketed* in the appellate court is void, and if the second sentence requires that after a case is *docketed* in the appellate court, a *motion to file* is not timely in the trial court, there is a hiatus in the law where, as here, the *motion for bond* is timely filed in the trial court, but the *bond,* filed pursuant to the motion, is actually filed in the trial court after the case is docketed in the appellate court. It is on this state of facts that Star Bonding Company contends the appeal bond on which it was surety for appellant Town Finance Company is void. In other words, any appellant who did not wish the question of bond considered by the trial court would only have to see to it that it got its case docketed in the appellate court before bond was posted by it in the trial court in accordance with a timely motion and order and thereby thwart the jurisdiction of the trial court to set supersedeas bond. Traditionally, such bonds are always, if possible, set in the trial court, and the appellate courts of this state have been very hesitant to exercise this jurisdiction. In fact,

under our former Code § 6-1002 (Act 1845, Cobb, 449, Ga. L. 1917, p. 63) supersedeas could be obtained on appeal in civil cases only by paying the costs or filing a pauper affidavit in the trial court, and giving a bond to be approved by the clerk of that court in his discretion for future costs and eventual condemnation money. The Appellate Practice Act of 1965, recognizing that there are occasions on which it is inequitable to fail to provide a forum in which bond may be obtained after the case has reached the appellate courts, now provides that all such motions, after docketing, must be made in this court.

What, then, do we do with the first sentence of Code § 6-1002 (b)? Some help may be gained from general rules of construction. The word "may" is ordinarily used in a permissive sense only. Code § 102-103; *Roe v. Pitts,* 82 Ga. App. 770, 771 (62 SE2d 387). We therefore construe the first sentence of Code § 6-1002 (b) to mean that where a proper motion for supersedeas is filed in the trial court, prior to the docketing of the case in the appellate court, the trial court may properly set the time for the appellant to present a proper supersedeas bond, and a bond so filed is adequate. Further, if the bond is not filed or is inadequately filed within the time specified, the appellant is not entirely cut off from his right to file it but he still *may* file a proper bond as a matter of right if the case has not yet been docketed on appeal. So construed we arrive at the following conclusions: (1) It is the time of filing of the motion for bond and order thereon (not the posting of the bond) which gives a court jurisdiction to accept a supersedeas bond. (2) Where the motion and order in the trial court are timely, the trial court has jurisdiction of the subject matter of supersedeas bonds. (3) It may happen that an appellant fails to post proper bond by the time set in the order, but he may still correct this default as a matter of right provided the case has not been docketed in the appellate court. (3) An appellant may not, however .(after motion and order thereon prior to docketing) refuse to post bond, or post an improper bond, and then contend that the trial court has no jurisdiction of the bond eventually posted because in the meantime it has seen to it that the case was docketed in the appellate court.

3. On September 16, 1974, Town Finance Corp. filed a notice of appeal in the trial court from a judgment against it and in favor of the appellants here. *Town Finance Corp. v. Hughes,* 134 Ga. App. 337, supra. On September 17, the following day, Hughes filed a motion for supersedeas bond, including an order by the trial court setting the amount and ordering the bond filed by September 20. The appellant filed an inadequate bond on September 20, and a second bond on September 25. This bond also was disapproved by the trial court, and on September 30 the trial court entered an order so finding and requiring the appellant to enter a proper bond, in accordance with its order of September 17, which the defendant did on September 30, naming itself as principal and Star Bonding Co., Inc. as surety. The latter then brought the instant declaratory judgment action, contending that the bond was void and seeking a judgment freeing it from liability.

Applying the law as set out in the first two divisions of this opinion to these facts, we hold that the bond was not void for lack of jurisdiction over the subject matter, as contended. The trial court retained jurisdiction under its original timely order to compel the defendant to post the supersedeas bond.

4. Appellant Hughes filed a motion to dismiss Star Bonding Company's petition for declaratory judgment on the ground that it fails to state a claim for the relief sought (a judgment voiding its liability on the supersedeas bond). We agree, and therefore hold that the failure to dismiss the petition, and the grant of a temporary injunction to Star Bonding against any attempt to collect the judgment formerly entered in the Town Finance Corp. case was error.

5. The notice of appeal in this case is from the grant of the temporary injunction. This is an appealable judgment under Code § 6-701 (a) (3). We transferred the case to the Supreme Court, which, however, has returned it to us, doubtless under the rule enunciated in *Findley v. City of Vidalia,* 204 Ga. 279 (49 SE2d 658). The grant of a temporary injunction is nevertheless appealable, as specified by statute, and the ruling of this court that the declaratory judgment should be dismissed for failure to

state a claim carries this ruling with it.
*Judgment reversed. Quillian and Webb, JJ., concur.*

ARGUED JANUARY 14, 1976 — DECIDED JANUARY 29, 1976 —
REHEARING DENIED FEBRUARY 17, 1976 — 

*Willis & Murrah, W. Stanford Willis,* for appellants.
*Elkins & Flournoy, Thomas M. Flournoy, Jr., H. Norwood Pearce,* for appellee.