## 35034. McGONAGLE v. DUNCAN.

HILL, Justice.

W. L. Cook died testate, leaving his wife, Manasseh Cook, a fee simple interest in one-half of his real and

personal property and a life estate in the remainder of his estate. Upon her death, the remainder was to go in fee to the Georgia Baptist Foundation, Inc., in trust for Norman College and the Georgia Baptist Children's Home. Testator's wife was named executrix, and the Georgia Baptist Foundation was named as her successor in the event she should become unable to serve for any reason.

Manasseh Cook died testate, leaving a part of W. L. Cook's estate unadministered and unrepresented. Charles C. Duncan, executive director of the Georgia Baptist Foundation, petitioned the probate court to grant letters of administration de bonis non with will annexed to him, alleging an interest in the estate of W. L. Cook. Upon the hearing of the petition, after the issuance and publication of citation, the probate court appointed Duncan as administrator d.b.n. Sixteen months later plaintiff, one of the beneficiaries under Manasseh Cook's will, brought a complaint in equity against Duncan, administrator d.b.n., to set aside the judgment of the probate court appointing him administrator. The two wills and the record of proceedings in the probate court were attached to the complaint as exhibits. From the dismissal of her complaint, plaintiff appeals.

In her complaint, plaintiff alleged that although defendant Duncan was an agent and employee of the Georgia Baptist Foundation, he was neither kin nor creditor of W. L. Cook and had no interest in his estate as he had alleged in his petition for appointment, that he was a knowledgeable man who worked with wills and estates and knew that he had no interest in the estate of W. L. Cook, and that in alleging an interest in the estate of W. L. Cook he allegedly perpetrated a fraud upon the probate court. We do not find that any fraud has been perpetrated on the court and therefore we affirm the judgment below.

The petition for appointment filed in the probate court begins: "The petition of Charles C. Duncan, Executive Director of the Georgia Baptist Foundation, of Atlanta, Georgia, respectfully shows . . ." It was signed and verified by Charles C. Duncan, Executive Director, the Georgia Baptist Foundation. In it "Petitioner alleges that he is interested in the estate of W. L. Cook, deceased. . ."

Plaintiff contends that under Code Ann. § 113-1210.1 (Ga. L. 1952, p. 87, as amended, Ga. L. 1969, p. 1139), where the executor of an estate dies or resigns, the person who applies for appointment of an administrator d.b.n. must have an interest in the estate, and that, under Code § 113-1202 (8), the person appointed administrator must have an interest in the estate. These two "interests" are not required to be of the same degree. We are more concerned that the appointee be entitled to be appointed than that the petitioner be technically entitled to petition. In *Towner v. Griffin,* 115 Ga. 965, 967 (42 SE 262) (1902), it was held that an interloper could not initiate such a petition, but the court there went on to say that ". . . the applicant must show in his application that he has such an interest in the estate, either in his own right or as the representative of some other person, as would authorize him to bring the estate before the court. . ."

Plaintiff also argues that the Georgia Baptist Foundation cannot serve as trustee under the will of W. L. Cook, citing Code Ann. § 41A-1103 (a) (Ga. L. 1974, pp. 705, 784), and thus it has no interest in the estate. Code Ann. § 41A-1103 (a) provides that only trust companies, certain national banks, and certain corporations marketing securities for religious, philanthropic or charitable organizations, can act as fiduciaries. However, subsection (b) of that Code section provides that it shall not repeal or change two specified Code chapters dealing with foreign trustees and foreign corporations acting as fiduciaries or "any other statute or rules of law on such subjects." Code Ann. § 22-5503 (Ga. L. 1968, pp. 565, 822), which was not expressly repealed by the 1974 Financial Institutions Code (Code Title 41A, supra), provides that incorporated nonprofit religious societies "are authorized to act in their corporate capacity as trustee to administer and carry into effect any charitable trust heretofore or hereafter created by deed or by will, which is consistent with the objects of the corporate existence." Repeals by implication are not favored and we find that it was not the intent of the General Assembly in enacting Code Ann. § 41A-1103 to repeal Code Ann. § 22-5503. Thus, the Georgia Baptist Foundation does have an interest in the estate of W. L. Cook, as trustee.

It follows that the Georgia Baptist Foundation is beneficially interested under the will of W. L. Cook within the meaning of Code Ann. § 113-1202 (2) and, as such, was entitled here (there being no spouse) to select a disinterested person as administrator pursuant to Code Ann. § 113-1202 (6). Certainly it could select its executive director in lieu of a wholly disinterested person. In *Myers v. Cann,* 95 Ga. 383 (22 SE 611) (1894), the court held that the president of a corporate creditor of the estate could not be appointed administrator. That case is not applicable here because a creditor's interest in the estate is in paying the debts of the estate, not necessarily in seeing that the affairs of the estate are administered. See *Roe v. Pitts,* 82 Ga. App. 770, 774 (62 SE2d 387) (1950). Here, the Georgia Baptist Foundation is a beneficiary (trustee) under the will and has an interest in seeing that all the affairs of the estate are administered and its assets distributed.

We therefore hold that as representative of the Georgia Baptist Foundation, defendant Duncan was authorized under Code Ann. § 113-1210.1 to petition for the appointment of an administrator, *Towner v. Griffin,* supra, and that the Georgia Baptist Foundation had such an interest in the estate as trustee, Code Ann. § 22-5503, so as to authorize the appointment of its representative as administrator under Code Ann. § 113-1202 (2) (6).

The case of *Phillips v. Gladney,* 234 Ga. 399 (216 SE2d 297) (1975), is not applicable here; in that case the person appointed administrator was not entitled to the appointment. In view of this disposition of the case, we do not reach the venue question.

*Judgment affirmed. All the Justices concur.*

ARGUED JUNE 13, 1979 — DECIDED
SEPTEMBER 10, 1979 — REHEARING
DENIED SEPTEMBER 25, 1979.

*Walters, Davis, Ellis & Smith, James D. Hudson,* for appellant.

*Rogers & McCranie, Murphey Rogers, Clauye C. McCranie, Kilpatrick, Cody, Rogers, McClatchey & Regenstein, A. G. Cleveland, Everette L. Doffermyre,* for

appellee.