## S93G1130. McCLINTON v. SULLIVAN.
### (438 SE2d 71)

FLETCHER, Justice.

This appeal arises from the appointment of a permanent administrator for the estate of Lita McClinton Sullivan, who died intestate. Emory McClinton is the father of the decedent. James Sullivan is the surviving spouse. At the time of her death there was a pending divorce between the decedent and Sullivan. The couple had no children.

McClinton filed a petition seeking appointment as permanent administrator of his daughter's estate. Sullivan filed a caveat objecting to McClinton's petition and seeking his own appointment as administrator. The probate court denied both requests and appointed the county administrator to the position. The record indicates that Sullivan agreed to the appointment of the county administrator if the court found that he was not qualified to be appointed. McClinton appealed and the Court of Appeals affirmed the probate court's appointment of the county administrator. *McClinton v. Sullivan*, 208 Ga. App. 411 (430 SE2d 794) (1993). We granted a writ of certiorari to review the Court of Appeals' decision.

1. OCGA § 53-6-24 (a) sets out the rules to be followed in granting letters of administration. Subsection (1) provides that the surviving spouse is first entitled unless "an action for divorce . . . was pending between the deceased and the surviving spouse at the time of the death." OCGA § 53-6-24 (a) (1). Subsection (2) provides that the "next of kin at the time of death" is the next entitled to serve. Id. at (2).[1]

Under ordinary circumstances, Sullivan, as the surviving spouse, would be entitled to be appointed administrator under subsection (a)

---

[1] We note that in addition to McClinton, the decedent was also survived by her mother and two siblings who are all "kin" of the same degree. These three selected McClinton to serve as administrator pursuant to OCGA § 53-6-24 (a) (3).

(1). However, because there was a divorce pending at the time of decedent's death, he was disqualified to act as administrator. McClinton argues that he should have then been appointed administrator under subsection (2) because he would be the next in line to inherit under OCGA § 53-4-2. This argument assumes that Sullivan's *disqualification* to serve as administrator serves to disinherit him. However, the express language of disqualification found in subsection (1) does not change Sullivan's status as an heir. Therefore, since the decedent died without lineal descendants, Sullivan is the sole heir of her estate. OCGA § 53-4-2.

The absence of lineal descendants operates to keep this case from falling under the provisions of subsection (2). "Next of kin" are defined as those interested as distributees of the estate. *Smith v. Goodwin*, 84 Ga. App. 319 (66 SE2d 169) (1951). Sullivan is the only person who is interested in this estate as a distributee. Both the probate court and the Court of Appeals correctly found that neither Mc-Clinton nor those who selected him are "next of kin" and they therefore have no interest in the estate.

Once it has been determined that McClinton has no interest in the estate, it becomes unnecessary to resolve his other objections to the probate court's decision to appoint the county administrator. McClinton has no legal right to be appointed administrator and no interest in the estate; he therefore has no standing to challenge the probate court's appointment of the county administrator. See *Williams v. Williams*, 113 Ga. 1006 (39 SE 474) (1901); *Towner v. Griffin*, 115 Ga. 965 (42 SE 262) (1902) and *Dierks v. Smith*, 119 Ga. 859 (47 SE 203) (1904).

Since Sullivan agreed to the appointment of the county administrator[2] and did not appeal and McClinton has no standing to challenge the probate court's action, the question of whether the statutory scheme found in OCGA § 53-6-24 allows the probate court to appoint the county administrator is moot. Under these facts the probate court properly appointed the county administrator. See generally OCGA § 53-6-95.

2. While we do not reach the issue, we agree with the Court of Appeals that the applicable statute, OCGA § 53-6-24, leaves much to be desired in regards to the issue raised in the appeal. Rather than wait for further judicial interpretation, the General Assembly may de-

---

[2] Sullivan did not seek to select a qualified, disinterested person for appointment as administrator. Therefore, we do not reach the issue of whether a surviving spouse who is disqualified to serve as administrator due to a pending divorce or separate maintenance action has the right to select the administrator; see *Headman v. Rose*, 63 Ga. 458 (6) (1879); nor do we reach the issue of whether a surviving spouse who is the sole person entitled to the estate is barred from selecting a qualified, disinterested person when said surviving spouse is disqualified. OCGA § 53-6-24 (a) (9).

sire to address this issue in a more definitive manner.

Judgment affirmed. Clarke, C. J., Hunt, P. J., Fletcher, Benham, Sears-Collins, Hunstein, JJ., and Judge Bernard J. Mulherin, Sr., concur. Carley, J., disqualified.

DECIDED JANUARY 10, 1994.

Louis Levenson, for appellant.

Vincent, Chorey, Taylor & Feil, John L. Taylor, Jr., Lisa F. Harper, for appellee.