A95A2600, A95A2601. RIVERDALE COLLISION, INC.
v. OSBORNE BONDING & SURETY COMPANY; and vice versa.
(469 SE2d 823)

McMURRAY, Presiding Judge.

On November 1, 1991, the Superior Court of Henry County ordered Ashley Farms, Inc. and Clara Company, Inc. (defendants) to file a supersedeas bond, pursuant to OCGA § 5-6-46 (a), in an amount sufficient to satisfy a $40,000 judgment entered against defendants and in favor of Riverdale Collision, Inc. ("Riverdale Collision"), "together with costs, interest from the date of judgment and damages from delay if for any reason the appeal is dismissed or found to be frivolous, and to satisfy in full such modification of the judgment and such costs, interest and damages as the Court of Appeals may award." The Clerk of the Henry County Superior Court approved a $40,000 bond issued by Osborne Bonding Company, Inc. (a/k/a Osborne Bonding & Surety Company, Inc.) ("Osborne Bonding"), naming defendants as principal obligors to Riverdale Collision under the $40,000 judgment.

On April 6, 1993, Osborne Bonding filed a motion to set aside the supersedeas bond, alleging several grounds for voiding the instrument. Riverdale Collision filed a response, alleging that a judgment was entered against Osborne Bonding and defendants on January 11, 1993, after the Court of Appeals affirmed the judgment against defendants; that this judgment has not been modified, vacated or set aside and that a writ of fieri facias (issued pursuant to this judgment) thereafter resulted in a garnishment of Osborne Bonding's checking

account. Riverdale Collision alleged that a traverse of this garnishment was filed but was overruled by the trial court and that no appeal was taken from the trial court's order overruling the traverse.

Osborne Bonding later filed an amendment to its motion to set aside the supersedeas bond, alleging that Riverdale Collision collected $25,306.65 pursuant to a garnishment of its bank account and that "[s]hould this Honorable Court rule against [it, Osborne Bonding] stands ready to pay into the registry of [the trial] court or to [Riverdale Collision] directly the sum of $14,693.35 which along with the amount already garnished [comes] to $40,000 which is the amount of the bond." Riverdale Collision later objected to this amendment (at a hearing), claiming that it is not only entitled to enforce the principal amount of the judgment against Osborne Bonding and defendants, but that it is also entitled to collect interest, costs and other damages from Osborne Bonding as specified in the trial court's order directing defendants to file a supersedeas bond pursuant to OCGA § 5-6-46 (a).

The trial court denied Osborne Bonding's motion to set aside the supersedeas bond, but granted its amended motion to set aside, ordering Osborne Bonding "to pay into the Registry of the Court of Henry County, the sum of $14,693.35." The trial court also ordered as follows: "Upon payment of said sum into the Registry of this Court it is further ORDERED that Osborne Bonding Company, Surety be and is thereby DISCHARGED from the supersedeas bond and judgment in [the underlying] case [involving defendants and Riverdale Collision] and is not responsible for any additional sums in said case. This order in no way limits the recovery of any cost, interest, or any other amount due [Riverdale Collision] or any other party in this case as provided by law."

Riverdale Collision filed a direct appeal in Case No. A95A2600 and Osborne Bonding filed a cross-appeal in Case No. A95A2601. *Held*:

In *Hughes v. Star Bonding Co.*, 137 Ga. App. 661 (224 SE2d 863), a surety brought a declaratory judgment action seeking to avoid liability under a supersedeas bond it issued pursuant to an order entered in another action involving the surety's principal. The trial court granted the surety a temporary injunction precluding any attempt to collect the judgment in the underlying case. The Court of Appeals reversed, finding that the trial court erred in failing to dismiss the surety's petition for failure to state a claim upon which relief could be granted. *Hughes v. Star Bonding Co.*, 137 Ga. App. 661, 664 (4), supra. Following this holding, we vacate the judgments of the trial court and remand the cases sub judice.

A final judgment was entered against Osborne Bonding based on the supersedeas bond, and it does not appear that that judgment has

been challenged or otherwise modified, vacated or set aside. Osborne Bonding therefore cannot go behind the judgment, as a defendant in fi. fa., and attack the validity of the instrument upon which the judgment is based, having (for what is known from the records before this Court in the cases sub judice) already had its day in court. See *Haynes v. Armour Fertilizer Works*, 146 Ga. 832, 835 (92 SE 648). Accordingly, the trial court had no authority to act on Osborne Bonding's petition to set aside the supersedeas bond. The judgments in the cases sub judice must be vacated and the cases remanded with directions for the trial court to vacate its order discharging Osborne Bonding from any further liability under its surety bond.

*Judgments vacated and cases remanded. Andrews and Black-burn, JJ., concur.*

DECIDED MARCH 12, 1996 — 

*Albert B. Wallace, Stephen B. Wallace II*, for appellant.
*Stephen E. Boswell*, for appellee.